IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JOAQUIM FIDALGO and TRACIE HART FIDALGO, <br><br> Plaintiffs, <br><br> -against- <br><br> LUCKY 13 RECOVERY, INC., AMERICAN RECOVERY SERVICES, INC., and SANTANDER CONSUMER USA, N.A., <br><br> Defendants. | Civil Case Number: <br><br> **CIVIL ACTION COMPLAINT AND DEMAND FOR JURY TRIAL** |

Plaintiffs JOAQUIM FIDALGO and TRACIE HART FIDALGO (hereinafter, "Plaintiffs"), Massachusetts residents, brings this complaint by and through the undersigned attorneys, Rights Protection Law Group, PLLC and Marcus & Zelman, against Defendant LUCKY 13 RECOVERY, INC., AMERICAN RECOVERY SERVICES, INC., and SANTANDER CONSUMER USA, N.A. (hereinafter "Defendants").

## JURISDICTION AND VENUE

1. The Court has jurisdiction over this action under 28 U.S.C. § 1331, 15 U.S.C. § 1692 *et seq.* and 28 U.S.C. § 2201. The Court also has pendent jurisdiction over the state law claims in this action pursuant to 28 U.S.C. § 1367(a).

2. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2).

## NATURE OF THE ACTION

3. Plaintiffs brings this action after the Defendants breached the peace and illegally repossessed their vehicle from the Plaintiffs' private property without the Plaintiffs' consent, thereby violating Massachusetts General Laws 255B, § 20B and the UCC.

1

Plaintiffs also bring a claim against Lucky 13 Recovery, Inc. and American Recovery Services, Inc. for illegally repossessing their vehicle in violation of the Fair Debt Collection Practices Act, codified at 15 U.S.C. § 1692.

4. Plaintiffs seek statutory damages, actual damages and punitive damages, as well as attorneys fees and costs.

## PARTIES

5. Plaintiff JOAQUIM FIDALGO ("Mr. Fidalgo") is a resident of Framingham, Massachusetts and is a "Consumer" as defined by 15 U.S.C. §1692(a)(3).

6. Plaintiff TRACIE HART FIDALGO ("Mrs. Fidalgo") is the wife of Mr. Fidalgo, and is also a resident of Framingham, Massachusetts and a "Consumer" as defined by 15 U.S.C. §1692(a)(3).

7. Defendant Lucky 13 Recovery, Inc., (hereinafter referred to as "Lucky 13"), is a repossession company, with its principal place of business in Auburn, Massachusetts.

8. Upon information and belief, Defendant Lucky 13 is a company that uses the mail, telephone, or facsimile in a business the principal purpose of which is the enforcement of security interests, namely the repossession of vehicles by lenders.

9. Defendant Lucky 13 is a "debt collector," as defined under the FDCPA under 15 U.S.C. § 1692a(6).

10. Defendant American Recovery Services, Inc., a wholly owned subsidiary of the Patrick K. Willis Company, Inc. (hereinafter referred to as "ARS"), is a corporation that specializes in nationwide recovery management, skip tracing and impound services on behalf of lenders and creditors, with its headquarters in Sacramento, California.

11. Upon information and belief, Defendant ARS is a company that uses the mail, telephone,

2

or facsimile in a business the principal purpose of which is the enforcement of security interests, namely the repossession of vehicles by lenders.

12. Defendant ARS is a "debt collector," as defined under the FDCPA under 15 U.S.C. § 1692a(6).

13. Defendant SANTANDER CONSUMER USA, N.A. ("Santander") is an American bank headquartered in Dallas, Texas.

14. Santander is a "creditor" as defined by 15 U.S.C.§ 1692a(4).

## ALLEGATIONS OF FACT

13. Plaintiffs repeat, reiterate and incorporate the allegations contained in the above paragraphs with the same force and effect as if the same were set forth at length herein.

14. The Plaintiffs own a 2013 Lexus RX 350, which was financed with a loan through Santander.

15. The Plaintiffs purchased and uses the RX 350 for their personal use and enjoyment.

16. The Santander loan is a 'debt' as defined by 15 U.S.C. § 1692a(5).

17. Sometime prior to November 10, 2021, the Plaintiffs fell behind on their obligations to Santander.

18. As a result, Santander contracted with ARS to repossess the Plaintiffs' vehicle.

19. Upon information and belief, ARS does not perform any repossessions itself, but contracts with repossession companies in all 50 states to carry out the actual repossessions, a fact which was known to Santander.

20. Upon information and belief, after being contracted by Santander to repossess the Plaintiff's vehicle, ARS arranged for Lucky 13 to carry out the actual repossession.

21. At approximately 10:00 p.m. on November 10, 2021, Mr. Fidalgo was sleeping when he

3

was startled awake by the sound of his car alarm going off.

22. At that point, Mr. Fidalgo discovered that the Defendants' representatives were on his property, attempting to repossess his vehicle from where it was parked on his front lawn, which is private property.

23. Mr. Fidalgo advised the individual – identified as an employee of Lucky 13 – that he could not take his car and that he had been making his payments and that the car should not be repossessed.

24. However, the Lucky 13 representative advised that they needed to see proof of payments which Mr. Fidalgo did not have.

25. The Lucky 13 representative then asked for the key to the vehicle, and Mr. Fidalgo refused.

26. The Lucky 13 representative then advised Mr. Fidalgo that they would have to charge him to make another key if he did not turn over the key, so Mr. Fidalgo involuntarily surrendered the key.

27. In completing this illegal repossession, Defendants damaged the Plaintiffs' lawn, specifically the water shutoff valve which had to be repaired.

## COUNT I

**VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT**
**15 U.S.C. §1692f *et seq.***
**(Against Lucky 13 and ARS)**

28. Plaintiffs repeat, reiterate and incorporate the allegations contained in the paragraphs above herein with the same force and effect as if the same were set forth at length herein.

29. Plaintiffs bring this Count against Defendants Lucky 13 and ARS.

30. Section 1692f of the FDCPA prohibits debt collectors from using any unfair or unconscionable means to collect or attempt to collect any debt.

31. Section 1692f(6) of the FDCPA specifically prohibits debt collectors from taking or threatening to take any nonjudicial action to effect dispossession or disablement of property if:

    (A)  there is no present right to possession of the property claimed as collateral through an enforceable security interest; or

    (C)  the property is exempt by law from such dispossession or disablement.

32. At the time of the repossession, the Plaintiffs' vehicle was parked on their private property – their lawn – during the time that the Defendants unlawfully repossessed their vehicle.

33. To repossess the Plaintiffs' vehicle, the Defendants trespassed on the Plaintiffs' private property without the Plaintiffs' consent, in violation of Massachusetts General Laws 255B, § 20B's which only allows repossessions that can be accomplished without entry on property owned by or rented to the debtor, unless the debtor consents to an entry, at the time of such entry.

34. Plaintiffs never consented to the Defendants' entry upon their property to repossess his vehicle.

35. As a result, the Defendants did not have the present right to possession of the Plaintiffs' vehicle while it was on Plaintiffs' property, and was prohibited from repossessing it.

36. Moreover, while the Plaintiffs' vehicle was on the Plaintiffs' property, Plaintiffs' vehicle was clearly exempt from repossession or disablement.

37. Finally, Massachusetts only permits self help repossession of consumer motor vehicles where possession can be obtained without breach of the peace. M.G.L. c. 255B, § 20B(a), see also c. 106, § 9 609(b).

38. Defendants breached the peace in repossessing the Plaintiffs' vehicle in lying to Plaintiff

in order to secure possession of the vehicle, in breaking the law by trespassing on Plaintiffs' property and in continuing to repossess the vehicle over the objections of Plaintiff.

39. Because the repossession was only accomplished via a breach of the peace, the Defendants did not have the present right to possession of the Plaintiffs' vehicle, and Plaintiffs' vehicle was also clearly exempt from repossession or disablement.

40. As a result, the Defendants violated 15 USC § 1692f(6) when it repossessed the Plaintiffs' vehicle on November 10, 2021.

41. By illegally repossessing the Plaintiffs' vehicle in violation of the FDCPA, Defendants harmed the Plaintiffs, in subjecting the Plaintiffs to improper and deceptive collection activity, in violation of the Plaintiffs' statutorily created rights to be free from such a debt collector's inappropriate attempts to collect a debt, and from being subjected to false, deceptive, unfair, or unconscionable means to collect a debt.

42. Defendants' illegal activity also harmed the Plaintiff by causing them to suffer anger, anxiety, emotional distress, frustration and embarrassment, by depriving them of the use of their vehicle and by damaging the Plaintiff's property and by making them spend the time to have the damage repaired.

43. By reason thereof, Defendants Lucky 13 and ARS are also liable to the Plaintiffs for judgment that Defendant's conduct violated 15 USC §1692f, statutory damages, actual damages, costs and attorneys' fees.

## COUNT II

**UNLAWFUL TRESPASSORY REPOSSESSION**
**M.G.L. c. 255B, § 20B *et seq.***
**(Against All Defendants)**

44. Plaintiffs repeat, reiterate and incorporate the allegations contained in the paragraphs above

herein with the same force and effect as if the same were set forth at length herein.

45. Plaintiffs bring this Count against Defendants Lucky 13, ARS and Santander.

46. Massachusetts law does not permit non judicial or "self help" repossession of consumer motor vehicles if such repossession involves entry onto property owned or rented by the debtor without the debtor's consent at the time of entry. M.G.L. c. 255B, § 20B.

47. On or about November 10, 2021, Lucky 13 repossessed the vehicle on behalf of ARS and Santander by entering the Plaintiffs' private lawn to repossess the Plaintiffs' vehicle without Plaintiffs' consent or judicial authorization.

48. Failure to comply with lawful repossession procedures provided by G.L. c. 255B § 20B bars collection of any deficiency. *See,* G.L. c. 255B §§ 20B(e)(1), 22; see also Queenan, *The New Consumer Repossession Law*, 58 Mass. L. Q. 412, 417 418 (1973).

49. Further the Plaintiffs are entitled to actual damages, statutory damages, attorneys fees and costs.

50. As a direct and proximate result of the Defendants' trespassory repossession, Plaintiffs suffered damages as set forth above.

### COUNT III

**BREACH OF THE PEACE REPOSSESSION**
**M.G.L. c. 106, § 9-609 *et seq.***
**(Against All Defendants)**

51. The Plaintiffs repeat and re allege the preceding paragraphs of this Complaint and incorporate the same herein.

52. Massachusetts only permits self help repossession of consumer motor vehicles where possession can be obtained without breach of the peace. M.G.L. c. 255B, § 20B(a), see also c. 106, § 9 609(b).

53. Defendants breached the peace when they continued to repossess the vehicle after Mr. Fidalgo objected to the vehicle's seizure and by using false representations and threats to complete their unlawful repossession.

54. A secured creditor's duty to repossess without breach of the peace is non delegable, it is liable even if the peace is breached by an independent contractor. *Doucette v. Belmont Savings Bank*, 34 Mass. L. Rptr. 183 (Mass. Super. April 14, 2017). As such, Lucky 13's breach of the peace is imputed upon ARS and Santander.

55. As a direct and proximate result of the Defendants' breach of the peace repossession, Plaintiff suffered damages as set forth above.

## COUNT IV

### UNFAIR AND DECEPTIVE PRACTICES IN TRADE OR COMMERCE
### M.G.L. c. 93A, § 9, *et seq.*
### (Against All Defendants)

56. Plaintiffs repeat and re allege the preceding paragraphs of this Complaint and incorporate the same herein.

57. At all relevant times, the Defendants were engaged in trade or commerce.

58. The Defendants unfairly and deceptively directly or indirectly collected on the Plaintiffs' loan with Santander via non judicial repossession of the vehicle without a present right to possession and in violation of chapter 255B § 20B. M.G.L. c. 255B, § 6, 940 Code Mass. Regs. § 7.07(18)(a), see also M.G.L. c. 93, § 49.

59. On or about January 9, 2022 – more than thirty days before this lawsuit was filed – a demand letter was delivered to Lucky 13, setting forth Plaintiff's claim under General Laws c. 93A.

60. On or about January 9, 2022 – more than thirty days before this lawsuit was filed – a

demand letter was delivered to Santander, setting forth Plaintiff's claim under General Laws c. 93A.

61. On or about January 9, 2022 – more than thirty days before this lawsuit was filed – a demand letter was delivered to ARS, setting forth Plaintiff's claim under General Laws c. 93A.

## DEMAND FOR TRIAL BY JURY

62. Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiffs hereby requests a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiffs demand judgment against Defendants as follows:

(a) awarding Plaintiffs their actual damages incurred;

(b) Tripling of actual damages pursuant to M.G.L. c. 93A, § 9;

(c) awarding the Plaintiffs statutory damages, along with the attorneys' fees and expenses incurred in bringing this action;

(d) awarding the Plaintiffs punitive damages;

(c) Awarding pre-judgment interest and post-judgment interest; and

(f) Awarding Plaintiffs such other and further relief as this Court may deem just and proper.

Dated: April 11, 2022                By: /s/ Kevin Crick
                                     Kevin Crick, Esq.
                                     BBO: 680950
                                     Rights Protection Law Group, PLLC
                                     100 Cambridge St., Suite 1400
                                     Boston, MA 02114
                                     Phone: (617) 340-9225

Fax: (888) 622-3715
k.crick@rightsprotect.com
*Attorney for Plaintiffs*

Yitzchak Zelman, Esq.
MARCUS & ZELMAN, LLC
701 Cookman Avenue, Suite 300
Asbury Park, New Jersey 07712
(732) 695-3282 telephone
(732) 298-6256 facsimile
*Attorney for Plaintiff*
**Pro Hac Vice To Be Filed**